**Kulvir SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74481.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 20, 2007.

Mohinder Singh, Esq., Walnut Creek, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Kulvir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on internal consistencies in Singh's testimony and inconsistencies between his testimony and his identification documents, which go to the heart of his asylum claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003); *Pal v. INS*, 204 F.3d 935, 940 (9th Cir.2000). Accordingly, Singh is not eligible for asylum.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah* at 1156.

Because Singh did not raise the issue of CAT in his opening brief, he has waived this claim and we decline to review it. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

